TO: CIRCUIT COURT of MONTGOMERY
FM: BORRAH E CAMPBELL II
RE: HARRASMENT

CV-2006-157

To Whom It May Concern:

I BORRAH E. CAMPBELL II a Black African American male, being of sound mind and body hereby file this complaint with the circuit court of Montgomery Alabama stating a Tort personal injury has occurred. The details of this personal injury are as follows: I was constantly harassed by my former employer United Parcel Service. I was an employee for United Parcel Service for 15 years; one year as an hourly employee, 11 as a part time supervisor and three as a full time hub supervisor. I was excited about my experience as a United Parcel Service employee and pondered the thought of moving up in the company. As a part time supervisor, I enjoyed success in every area of management. It was that success that led me to apply by letter for the position of full time supervisor. I saw many of my former supervisors move on to other assignments and therefore thought it probable that I had an opportunity for upward mobility. It was during this time that a meeting was called by the then District manager Glenn Rice who stated that the part time supervisor position was a dead end job; I find it necessary to state that the majority of part-time supervisors at that time were also African American. Reprisals against me started when I made a written complaint against my immediate supervisor Stan Woodley (Hub Supervisor) I was then a part time supervisor over yard control. He made a comment to me that I should be afraid like a motherfucker. I replied that I was not afraid and that motherfucker meant that he was either going to fuck my mother or my wife. This event happened in 1998. I responded to this event in writing to his immediate manager Redd Cunningham (Hub manager) and cc to Larry Hill (Division Manager), Glenn Rice (District Manager) that following day. Later on that evening Stan asked me if he could talk to me in the office. I replied yes. When we sat down to talk he pulled out that very write up and beckoned to me to rescind that write up because if I went through with it, it would result in his termination from the company. I withdrew this complaint. After an extensive interviewing process, I was promoted to the position of full time supervisor in January 1999. At the same time I was separated and preparing to divorce my then wife Sandra Elaine Brantley Campbell. This divorce was finalized in October 2001. I find it necessary to note that we cohabitated on and off between January 1999 and November 2002 for the good of our children but never renewed our commitment, therefore, the October 2001 divorce decree stands. It is the custom of United Parcel Service to counsel both spouses when a manager enters into full time management as in a move into full time management is a significant change income and responsibility which in many cases has resulted in millionaire status. I never received such counsel. When I was promoted to the position of Hub Supervisor I was told by my immediate supervisor Redd Cunningham I could not divorce my wife Sandra Elaine Brantley Campbell. I thought it odd that he continued to put her name on correspondence addressed to me after I instructed him not to do so. I did not follow up on the matter in that I incurred same brick wall when I sought to take her off my retirement roster as a beneficiary.

During my tenure as a Full time Hub Supervisor, I worked through many obstacles to include noise pollution, staffing issues, and facility breakdowns. I managed to make it through them all while maintaining production and service standards with a moderate amount of employee support. My immediate manager Redd Cunningham as well as peers and subordinates often stated that it would not be long before I made the next step into manager. He mentioned the fact that I was going to be put through a process, and through his own admission said that it was in part secret. He could not explain to me what that process was. I can only assume that this process is related to a statement he used to make about being proud to be apart of this fraternity of management. One of my peers Bob Bianchi stated that they had a process of watching supervisors. I then made written statement to Terrance Thomas (Division Manager) to make known in full any attempts to investigate examine or study me. He stated that he knew of no such investigation and that my file was in Birmingham. Although I was successful and known for getting results, I was often harassed about what I was doing to get the service numbers up. My immediate manager was Burt Flood. Due to unfounded and frivolous advances by upper management to ruffle my feathers for not playing along with unspoken and implied traditions I tendered my resignation in November 2002. It was due to severe emotional trauma and mystery concerning the turn of events both professionally and personally that I attribute this delay in complaint. I am seeking personal injury compensation in the amount of $3,000,000 in that the turn of events has left me emotionally distraught and without a career that was quite possibly the vehicle to my financial freedom.

Signed,

*[signature]*

BORRAH E. CAMPBELL II