IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BORRAH E. CAMPBELL II, | ) |
| Plaintiff | ) ) ) |
| v. | ) ) ) | 
| UNITED PARCEL SERVICE, INC., | ) ) ) |
| Defendant. | ) ) |

CIVIL ACTION NO.
2:06-CV-205-WHA-DRB

## ANSWER

Defendant United Parcel Service, Inc. ("UPS" or "Defendant"), appearing specially, hereby answers and asserts affirmative defenses to (1) Plaintiff's Complaint, dated January 18, 2006; and (2) Plaintiff's Amended Complaint, dated February 21, 2006, as follows:[1]

### FIRST DEFENSE

The Complaint and Amended Complaint fail to state a claim against UPS upon which relief may be granted.

### SECOND DEFENSE

Upon information and belief, Plaintiff's claims are barred because of insufficiency of process.

### THIRD DEFENSE

---

[1] Plaintiff's Amended Complaint appears to be identical to Plaintiff's Complaint except for the top of the first page of the Amended Complaint, on which Plaintiff has added his personal identifying information (including a photocopy of his Alabama Driver License) and other extraneous information. The allegations contained in Plaintiff's Amended Complaint following the words "To Whom It May Concern:" are identical to the allegations contained in Plaintiff's Complaint following the words "To Whom It May Concern:."

Upon information and belief, Plaintiff's claims are barred because of insufficiency of service of process.

## FOURTH DEFENSE

Upon information and belief, Plaintiff's claims are barred because this Court lacks personal jurisdiction over UPS.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation.

## SIXTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to properly exhaust administrative remedies.

## SEVENTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, based upon the doctrines of estoppel, laches, and unclean hands.

## EIGHTH DEFENSE

Upon information and belief, Plaintiff's claims are barred by the doctrines of accord and satisfaction and waiver.

## NINTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, because the employment decisions at issue were based upon legitimate, non-discriminatory factors.

## TENTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to take reasonable steps to mitigate his claims of damages, the existence of such damages being hereby denied.

### ELEVENTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, because UPS at all times acted in good faith and in a lawful manner towards Plaintiff.

### TWELFTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to plead or allege conditions and facts precedent to his claims.

### THIRTEENTH DEFENSE

Plaintiff is not entitled to punitive damages because UPS made good faith efforts to comply with all applicable anti-discrimination and other applicable laws.

### FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because even if some impermissible motive were a factor in any employment action with respect to Plaintiff, a claim that UPS expressly denies, the same decisions would have been reached for legitimate business reasons.

### FIFTEENTH DEFENSE

Plaintiff fails to establish a prima facie case of race discrimination or racial harassment.

### SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the defense set forth in *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) and *Burlington Indus. v. Ellerth*, 524 U.S. 742, 765 (1998).

### RESPONSE TO THE UN-ENUMERATED ALLEGATIONS IN PLAINTIFF'S COMPLAINT AND AMENDED COMPLAINT

In response to the un-enumerated allegations contained in Plaintiff's Complaint and Amended Complaint, UPS admits that Plaintiff is a Black male; that Plaintiff filed his Complaint and Amended Complaint with the Circuit Court of Montgomery County, Alabama; that UPS hired Plaintiff as a part-time loader / unloader on or about January 16, 1987; that UPS promoted Plaintiff to the position of part-time supervisor on or about June 17, 1988; that UPS promoted Plaintiff to the position of full-time supervisor on or about January 5, 1999; and that Plaintiff's employment with UPS ended on or about November 5, 2002.

As to the remaining allegations contained in Plaintiff's Complaint and Amended Complaint, UPS either (1) denies such allegations based on the information known by or available to it; or (2) lacks sufficient knowledge and information to admit or deny such allegations, which therefore stand denied.

UPS further states that, unless specifically admitted herein, UPS denies each and every allegation contained in Plaintiff's Complaint and Amended Complaint and further denies that Plaintiff is entitled to any relief, including the relief specifically demanded in his Complaint and Amended Complaint.

Respectfully submitted this 9th day of March 2006.

*[signature]*

William J. Baxley (BAX 001)
Donald R. James, Jr. (JAM016)
BAXLEY, DILLARD, DAUPHIN,
McKNIGHT & BARCLIFT
2008 Third Avenue South
Birmingham, Alabama 35233
(205) 271-1100

Attorneys for Defendant United Parcel Service, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BORRAH E. CAMPBELL II, ) | |
| ) | |
| Plaintiff ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:06-CV-205-WHA-DRB |
| ) | |
| UNITED PARCEL SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2006, I electronically filed the foregoing **ANSWER** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: none

I further certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> Borrah E. Campbell II
> *Pro Se*
> 38 Fairlane Drive
> Montgomery, AL 36106

This 9th day of March 2006.

_____
Donald R. James, Jr.