IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BORRAH E. CAMPBELL II, ) | |
| ) | |
| Plaintiff ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:06-CV-205-WHA-CSC |
| ) | |
| UNITED PARCEL SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS AND FOR FEES AND EXPENSES

Pursuant to Federal Rule of Civil Procedure 37(d),[1] Defendant United Parcel Service, Inc. ("UPS") submits this Memorandum of Law in support of its Motion to Dismiss Plaintiff's Amended Complaint because of Plaintiff's failure to cooperate in discovery and to comply with the Federal Rules of Civil Procedure. As explained in more detail below, Plaintiff has refused to cooperate with UPS throughout the discovery process in this case – most recently failing to show for his own duly noticed deposition. Dismissal of Plaintiff's suit is therefore proper under Federal Rules of Civil Procedure 37(c)(1), 37(d), and 41(b).

Additionally, UPS submits that it has incurred substantial attorney fees and litigation costs in conducting written discovery to which Plaintiff never responded, preparing for and attending a deposition that Plaintiff failed to attend, and filing this motion as a last resort. If the Court grants UPS's motion, it is proper under Federal Rule of Civil Procedure 37(d) to award UPS these expenses it has incurred as a result of Plaintiff's failure to comply with the discovery rules.

---

[1] Defendant also brings this motion under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the Federal Rules of Civil Procedure.

- 2 -

## I. INTRODUCTION

Despite numerous letters, electronic mail messages, and telephone calls by UPS's counsel, Plaintiff has persisted in disregarding the rules governing the proceedings in this case. Since the first day of the discovery period, UPS has made diligent efforts to conduct fair, proper, and timely discovery in this case. Nevertheless, Plaintiff has ignored UPS's requests, thus precluding any meaningful discovery. As the end of the discovery period draws near,[2] UPS has received no responses to its written discovery requests, Plaintiff has failed to produce a single requested document, and UPS has not been permitted to depose Plaintiff. As a result, Plaintiff has denied UPS a fair opportunity to defend itself against his lawsuit.

Because no other remedy will suffice, and because Plaintiff's actions represent an intentional disregard for the Federal Rules of Civil Procedure, UPS respectfully requests that the Court dismiss Plaintiff's lawsuit with prejudice and award UPS its litigation expenses incurred as a result of Plaintiff's failure to cooperate in discovery.

## II. STATEMENT OF FACTS

Plaintiff alleges in his Amended Complaint that UPS discriminated against him on the basis of his race while he was employed by UPS. UPS timely removed the action to this Court and filed its Answer on March 9, 2006. On April 17, 2006, the Court held a status and scheduling conference, where the Court advised Plaintiff that the Federal Rules of Civil Procedure would govern the proceedings in this action. As described below, Plaintiff has repeatedly disregarded the Federal Rules of Civil Procedure and his discovery obligations since that time.

---

[2] Discovery closes on July 18, 2006. (Scheduling Order, Apr. 19, 2006.)

A.  **Plaintiff's Failure to Provide Initial Disclosures**

Under Federal Rule of Civil Procedure 26(a)(1), the parties to this action are required to exchange, without awaiting a discovery request, initial disclosures of certain information. UPS served and filed its initial disclosures on April 21, 2006. (See Ex. 1.) Plaintiff has not served any initial disclosures as of the date of filing this motion.

B.  **Plaintiff's Failure to Respond to UPS's Written Discovery Requests**

On April 21, 2006, UPS served Plaintiff with its First Interrogatories, First Requests for Production of Documents and Things, and First Requests for Admission. (See Exs. 1-4). Plaintiff's responses to these discovery requests were due no later than May 24, 2006. See Fed. R. Civ. P. 6, 33(b)(3), 34(b), 36(a). Plaintiff has not responded to UPS's interrogatories or requests for admission, nor has he produced any documents or made any written objections to UPS's document requests.

On June 1, 2006, UPS's counsel sent Plaintiff a letter informing him that his discovery responses were overdue and requesting that he forward his responses immediately. (See Ex. 5.) Plaintiff did not respond to counsel's letter. Thus, UPS's counsel sent Plaintiff another letter on June 14, 2006 advising him that UPS would be forced to seek the Court's intervention if he did not respond to UPS's discovery requests. (See Ex. 9.) Plaintiff again failed to respond. As of the date of filing this motion, Plaintiff's responses to UPS's written discovery requests are more than *forty* (40) days overdue.

C.  **Plaintiff's Failure to Appear for His Deposition**

On April 28, 2006, UPS properly served Plaintiff with a Notice of Deposition, scheduling his deposition for June 13, 2006 in Montgomery, Alabama. (Exs. 6-7.) On May 2, 2006, Plaintiff informed UPS's counsel that he was unavailable on June 13. After exchanging e-mails

with Plaintiff in an unsuccessful effort to find a mutually convenient date for his deposition, UPS's counsel sent Plaintiff a letter on June 1, 2006 inquiring of his availability between June 19 and July 10, 2006. (See Ex. 5.) Plaintiff did not respond to the June 1 letter. UPS's counsel called Plaintiff on June 7, 2006 and again requested available dates for his deposition. Plaintiff refused to provide any dates, but told UPS's counsel that he would e-mail him available dates. Plaintiff did not do so as promised. UPS's counsel has received no e-mails, other written correspondence, or telephone calls from Plaintiff since that telephone conversation one month ago.

As a result, on June 14, 2006, UPS's counsel properly served Plaintiff with an Amended Notice of Deposition, scheduling his deposition for June 26, 2006 in Montgomery, Alabama. (Exs. 8-10.) In a letter included with the Amended Notice of Deposition, UPS's counsel agreed to conduct the deposition on June 27, 2006 if that was more convenient for Plaintiff, but requested that Plaintiff advise counsel by June 16, 2006 if he desired to change the date.[3] (Ex. 9.) UPS's counsel received no response from Plaintiff. On June 21, 2006, UPS's counsel e-mailed Plaintiff and left a message on Plaintiff's home telephone reminding him of his deposition on June 26. (See Ex. 11.) Again, UPS's counsel received no response from Plaintiff.

On June 26, 2006, UPS's counsel and a court reporter traveled to Montgomery and appeared at the time and place designated on the Amended Notice of Deposition. (See Ex. 12.) UPS's counsel arrived at 9:15 a.m., 15 minutes before the scheduled start of the deposition.

---

[3] As with UPS's discovery requests and the April 28, 2006 Notice of Deposition, UPS's counsel sent Plaintiff the June 14, 2006 letter and Amended Notice of Deposition by both regular mail and electronic mail to ensure receipt. (See Exs. 1, 6, 8.)

- 4 -

When Plaintiff did not appear, UPS's counsel telephoned Plaintiff at 10:00 a.m. and left a message on his home telephone informing him that counsel were present and expecting his appearance for his deposition.  (Id.)  After receiving no response from Plaintiff and waiting almost one hour for Plaintiff to appear, UPS's counsel adjourned the deposition at 10:18 a.m.  (See id.)  Plaintiff never responded to the voice message left for him on the day of his deposition.

### III.   ARGUMENT AND CITATION OF AUTHORITY

**A.   The Court Should Dismiss Plaintiff's Suit For His Failure to Cooperate in Discovery**

Because Plaintiff has failed to comply with his discovery obligations under the Federal Rules of Civil Procedure, his lawsuit should be dismissed.  Rule 37(d) provides:

> If a party . . . fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Fed. R. Civ. P. 37(d).  Similarly, Rule 37(c)(1) provides that courts may take "any of the actions authorized under Rule 37(b)(2)(A), (B), and (C)" when a party fails, without substantial justification, to disclose information required by Rule 26(a), i.e., initial disclosures.  Id. R. 37(c)(1).  Subparagraph (C) of Rule 37(b)(2) authorizes the Court to enter an order "dismissing the action or proceeding or any part thereof."  Id. R. 37(b)(2)(C).

Courts have broad discretionary powers in fashioning sanctions for discovery violations, including "the ability to impose sanctions on uncooperative litigants."  See Phipps v. Blakeney, 8 F.3d 788, 790-91 (11th Cir. 1993) (citing Fed. R. Civ. P. 37(b)(2)(C) and affirming dismissal with prejudice of *pro se* plaintiff's suit as a discovery sanction); Malautea v. Suzuki Motor Co.,

Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993).  Indeed, courts have not hesitated to dismiss cases pursuant to Rule 37, particularly where a plaintiff's failure to engage in discovery is due to his willfulness, bad faith, or fault.  See Hashemi v. Campaigner Publ'ns, Inc., 737 F.2d 1538, 1538-39 (11th Cir. 1984) (per curiam) (affirming dismissal of action where the plaintiff failed to appear for his deposition in flagrant disregard of the court's discovery orders); Watkis v. Payless ShoeSource, Inc., 174 F.R.D. 113, 117-18 (M.D. Fla. 1997) (dismissing *pro se* plaintiff's suit as a sanction for repeated discovery abuses, including failing to appear for her own deposition).  Here, despite UPS's urging and frequent reminders, Plaintiff failed to (1) provide initial disclosures; (2) provide responses to UPS's written discovery requests; and (3) attend his own deposition.  (See supra Part I.)  Rules 37(b)(2)(C), 37(c)(1), and 37(d) clearly authorize the Court to dismiss with prejudice Plaintiff's suit under these circumstances.

In determining whether dismissal is proper when a party fails to comply with the discovery rules, a court should consider whether the non-complying party has, through his own fault, acted willfully or in bad faith to the detriment of the other party and whether less drastic sanctions would be effective.  See Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 640-42 (1976) (per curiam).  These determinative factors weigh heavily in favor of dismissal in this case.

First, Plaintiff's actions demonstrate that he has acted willfully, if not in bad faith.[4]  As described in Part I, supra, despite UPS's counsel's diligent efforts to persuade Plaintiff to comply with the discovery rules, Plaintiff has ignored UPS's discovery requests and efforts to obtain

---

[4] Plaintiff's failures to participate in discovery need not have been accompanied by wrongful intent, but need only have occurred because of his conscious or intentional acts.  See Moon v. Newsome, 863 F.2d 835, 837 n.1 (11th Cir. 1989) (recognizing that a court is authorized to dismiss an action under Rule 37 where a plaintiff's misconduct in discovery is "intentional"); Aztec Steel Co. v. Fla. Steel Corp., 691 F.2d 480, 481 (11th Cir. 1982) ("Dismissal [under Rule 37] will not be upheld if a party's failure to comply is due to inability rather than to *willfulness*, bad faith or *disregard of responsibilities*.") (emphasis added) (citation omitted).

- 6 -

discovery responses from him.  Plaintiff has done so despite the Court's admonition to him at the April 17, 2006 status and scheduling conference that the Federal Rules of Civil Procedure would govern all proceedings, including discovery, in this action.  See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* [] litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. . . . If a *pro se* litigant ignores a discovery order, he is and should be subject to sanctions like any other litigant.").

Second, Plaintiff's abuses are clearly detrimental to UPS – on the eve of the close of discovery, Plaintiff has completely denied UPS any opportunity to prepare to defend against Plaintiff's claims in this suit.  Third, the abuses are solely Plaintiff's fault.  (See supra Part I.)  Finally, no alternative other than full dismissal will be effective; Plaintiff's repeated resistance to UPS's legitimate efforts to conduct discovery proves that he has no intention of complying with his obligations under the Federal Rules of Civil Procedure.

In sum, based on Plaintiff's disregard for the Federal Rules of Civil Procedure and his refusal to participate in the discovery process, the Court should dismiss his Amended Complaint under Federal Rules of Civil Procedure 37(c)(1), 37(d), and 41(b).  See Phipps, 8 F.3d at 790 ("[D]ismissal may be appropriate when a plaintiff's recalcitrance [in failing to comply with discovery rules] is due to willfulness, bad faith or fault." (citing Nat'l Hockey League)); see also Navarro v. Cohan, 856 F.2d 141, 142 (11th Cir. 1998) (per curiam) (affirming dismissal of complaint where plaintiff failed to appear at his own deposition); Bonaventure v. Butler, 593 F.2d 625, 626 (5th Cir. 1979) (per curiam) (same); Watkis, 174 F.R.D. at 116-18.

**B.    The Court Should Award UPS its Fees and Costs Incurred Because of Plaintiff's Failure to Comply With Discovery Obligations and to Appear at His Deposition**

If the Court grants UPS's motion, an award of litigation expenses is proper in this case.  Federal Rule of Civil Procedure 37(d) provides that, if a motion to dismiss is granted as a

sanction for discovery abuses, "the court *shall* require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure" unless an exception applies. Fed. R. Civ. P. 37(d) (emphasis added). Plaintiff is excused from the mandatory requirement to pay UPS's attorney fees and expenses only if the Court finds that (1) Plaintiff's failures were "substantially justified"; or (2) "other circumstances make an award of expenses unjust." See id.

Neither exception applies in this case. First, Plaintiff's failure to provide any responses to UPS's interrogatories, requests for production of documents, and requests for admissions and his failure to appear for his deposition lack *any* justification, much less "substantial" justification.[5] The Federal Rules clearly state that responses to interrogatories, requests for documents, and requests for admissions must be provided within 30 days of service of those requests. Fed. R. Civ. P. 33(b)(3), 34(b), 36(a). UPS's counsel reminded Plaintiff of his response deadline, offered a broad range of dates within which to take his deposition, and eventually traveled from Atlanta, Georgia to Montgomery, Alabama to depose Plaintiff pursuant to a proper notice of deposition. Nevertheless, Plaintiff never responded to UPS's discovery requests, refused to provide available dates for his deposition after promising to do so, and failed to appear for his deposition. In addition, despite receiving proper notice of his deposition to be conducted on June 26, 2006, Plaintiff never contacted UPS's counsel to inform them that he would be unavailable on June 26. Plaintiff's disregard of his discovery obligations is not substantially justified.

Second, no circumstances exist that would make an award of expenses unjust. Plaintiff has never responded to UPS's written discovery requests or requested from the Court an

---

[5] This is particularly true given that UPS's written discovery requests consisted of only 13 interrogatories, 9 requests for documents, and 2 requests for admissions. (See Exs. 2-4.)

LEGAL02/12258830v1

extension of time to do so and has never responded to UPS's amended notice of deposition or sought a protective order to prevent his deposition. Although Plaintiff has obviously invested minimal time, expense, effort, or even interest in this case that he filed several months ago, UPS has invested thousands of dollars just trying to get Plaintiff to follow the rules. Under these circumstances, it would be unjust *not* to allow UPS to recoup its litigation expenses incurred as a result of Plaintiff's recalcitrance.

Accordingly, UPS submits that it is proper for the Court to award UPS its costs and attorney fees incurred as a result of Plaintiff's failure to comply with his discovery obligations, including the expenses of preparing and submitting this motion, conducting written discovery to which Plaintiff never responded, and preparing for and attending a properly noticed deposition that Plaintiff failed to attend.

## IV.   CERTIFICATION OF CONFERRAL

The undersigned counsel for UPS certifies that, pursuant to Federal Rule of Civil Procedure 37(d), he has conferred with Plaintiff on numerous occasions in a good-faith effort to resolve this discovery dispute without court intervention. (See supra Part I and Exs. 5, 9, 11.)

## V.   CONCLUSION

For the foregoing reasons, UPS requests that the Court enter an Order dismissing Plaintiff's Amended Complaint in its entirety and awarding UPS its litigation expenses incurred as a result of Plaintiff's failure to cooperate in discovery and to comply with the Federal Rules of Civil Procedure.

Respectfully submitted this 7th day of July 2006.

s/ Jeremy D. Tucker
Lisa H. Cassilly
Georgia Bar No. 116030
Jeremy D. Tucker (TUC037)
Georgia Bar No. 142484
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Office: 404-881-7000
Fax: 404-881-7777


William J. Baxley (BAX001)
Donald R. James, Jr. (JAM016)
BAXLEY, DILLARD, DAUPHIN
McKNIGHT, & BARCLIFT
2008 3rd Avenue South
Birmingham, Alabama 35233
Tel. No.: (205) 939-0995
Fax No.: (205) 271-1108

**Attorneys for Defendant
United Parcel Service, Inc.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BORRAH E. CAMPBELL II,                )                                                         </br>                                                                 )</br>       Plaintiff                                            )</br>                                                                 )       CIVIL ACTION NO.</br>v.                                                             )       2:06-CV-205-WHA-CSC</br>                                                                 )</br>UNITED PARCEL SERVICE, INC.,     )</br>                                                                 )</br>       Defendant.                                      )</br>_____)  | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2006, I electronically filed the foregoing **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS AND FOR FEES AND EXPENSES**, with attached exhibits, with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record: none.

I further certify that I have mailed by United States Postal Service the aforesaid document to the following non-CM/ECF participants:

>Borrah E. Campbell II
>38 Fairlane Drive
>Montgomery, AL 36106
>
>Plaintiff *pro se*

>                                                                     s/ Jeremy D. Tucker
>                                                                     Jeremy D. Tucker (TUC037)