IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BORRAH CAMPBELL, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06cv205-WHA |
| | ) |
| UNITED PARCEL SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The *pro se* plaintiff, Borrah Campbell II, filed this employment discrimination action against his former employer United Parcel Service. On July 7, 2006, the defendant filed a motion to dismiss asserting that this case should be dismissed because the plaintiff has failed to engage in the discovery process. (doc. # 20).

On April 19, 2006, the court entered a scheduling order requiring that all discovery be completed by July 18, 2006, and any dispositive motions filed by August 18, 2006. According to the defendant, the plaintiff has failed to comply with discovery requests, and failed to make himself available for deposition. (Doc. # 20). On July 21, 2006, the plaintiff's father filed a motion to stay (doc. #24) asserting that the plaintiff was incarcerated and unable to participate in discovery. On July 31, 2006, the plaintiff filed a motion to stay (doc. # 25) reiterating that he had been unable to participate in discovery because he had been incarcerated. However, the plaintiff is no longer incarcerated and able to prosecute his case.

Consequently, the court concludes that the defendant's motion to dismiss should be dismissed without prejudice and the parties given additional time to conduct discovery and file dispositive motions. The plaintiff is advised that he must fully participate in the discovery process, and, absent extraordinary circumstances, no further extensions of time will be granted

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the defendant's motion to dismiss denied without prejudice. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **August 17, 2006.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on

September 30, 1981.

    Done this 4th day of August, 2006.


                              /s/Charles S. Coody
                          CHARLES S. COODY
                          CHIEF UNITED STATES MAGISTRATE JUDGE