IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BORRAH E. CAMPBELL II, )<br>)<br>    Plaintiff )<br>) | |
| v. ) | CIVIL ACTION NO.<br>2:06-CV-205-WHA-CSC |
| ) | |
| UNITED PARCEL SERVICE, INC., )<br>)<br>    Defendant. ) | |

### DEFENDANT'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT[1]

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant United Parcel Service, Inc. ("Defendant" or "UPS") serves these Answers and Objections to Plaintiff's requests for the production of documents and things as follows:

### GENERAL OBJECTIONS

(a)    UPS objects to any discovery requests to the extent they seek information protected by the attorney-client privilege or by the work product/trial preparation materials doctrine such as information contained in correspondence, memoranda, and similar communications between counsel for UPS, including in-house counsel, and UPS; confidential attorney memoranda containing the impressions and thoughts of counsel; confidential notes, memoranda and other documents prepared by UPS or its counsel in anticipation of or in connection with litigation; and confidential materials prepared by UPS or its counsel in anticipation of or in connection with the trial of the instant action.

---

[1] Although styled as "interrogatories" to Defendant, Plaintiff's four discovery requests, filed with the Court on October 12, 2006 as an attachment to Plaintiff's "Discovery Order," seek only the production of documents and things.

(b)    UPS objects to any discovery requests to the extent Plaintiff's instructions and definitions purport to require UPS to undertake duties and obligations in addition to or different than those arising under applicable law, including Federal Rules of Civil Procedure 26, 33, and 34.

(c)    UPS objects to any discovery requests that seek, in whole or in part, information not relevant to any claim or defense in this action.

## SPECIFIC RESPONSES TO REQUESTS

Subject to the foregoing general objections, which are incorporated into each individual response below, UPS responds to Plaintiff's individually enumerated requests as follows:

1. Produce by mail all documents of training, discipline and recognition of the Plaintiff.

**Response:**    UPS objects to this request on grounds that it is overly broad and vague. Subject to and without waiving the foregoing objections, UPS states that it has no such documents in its possession regarding the "training, discipline and recognition of the Plaintiff" other than documents Plaintiff has filed with the Court in this lawsuit. Plaintiff commenced this lawsuit several years after his employment with UPS ended, and UPS no longer retains copies of his personnel record.

2. Produce by mail any documentation survelance or media archived by the defendant as a reference to the plaintiff. (for any reason)

**Response:**    UPS objects to this request on grounds that it is overly broad, vague, confusing, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, UPS states that it has no documentation or media regarding surveillance of Plaintiff.

2

3.  Produce by mail any known conspiracy to discontinue employment of the plaintiff.

**Response:** UPS objects to this interrogatory on grounds that it is vague, confusing, and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, UPS states that it is not aware of any "conspiracy to discontinue employment of the plaintiff" and has no documents regarding any such alleged conspiracy.

4.  Produce all documents that link me to a spouse or significant other in any way after October 2001.

**Response:** UPS objects to this request on grounds that it is overly broad, vague, confusing, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information not relevant to the issues in this lawsuit. Subject to and without waiving the foregoing objections, UPS states that it has no documents responsive to this request.

Served this 13TH day of November 2006.

_____
Lisa H. Cassilly
Georgia Bar No. 116030
Jeremy D. Tucker (TUC037)
Georgia Bar No. 142484
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Office: 404-881-7000
Fax: 404-881-7777

William J. Baxley (BAX001)
Donald R. James, Jr. (JAM016)
BAXLEY, DILLARD, DAUPHIN
McKNIGHT, & BARCLIFT
2008 3rd Avenue South
Birmingham, Alabama 35233
Tel. No.: (205) 939-0995
Fax No.:  (205) 271-1108

**Attorneys for Defendant
United Parcel Service, Inc.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BORRAH E. CAMPBELL II,<br><br>    Plaintiff<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)   CIVIL ACTION NO.<br>)   2:06-CV-205-WHA-CSC<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a copy of the within and foregoing **DEFENDANT'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT** by U.S. Mail, with adequate postage affixed thereon, addressed as follows:

Borrah E. Campbell II
P.O. Box 1124
Montgomery, AL 36101

Borrah E. Campbell II
118T Clanton Avenue
Montgomery, AL 36104

Plaintiff *pro se*

This 13TH day of November 2006.

_____
Jeremy D. Tucker (TUC037)